UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PARDEEP BAZARD,<br><br>                    Petitioner,<br><br>        v.<br><br>ICE FIELD OFFICE DIRECTOR,<br><br>                    Respondents. | CASE NO. 2:26-cv-753-JNW<br><br>ORDER GRANTING IN PART<br>HABEAS CORPUS PETITION |

## 1.  INTRODUCTION

Petitioner Pardeep Bazard, proceeding pro se and in forma pauperis, petitioned the Court for a writ of habeas corpus. Dkt. No. 1. He also moved to appoint counsel. Dkt. No. 4.The Court GRANTS in part the habeas petition and DENIES the motion to appoint counsel for the reasons stated below.

## 2.  BACKGROUND

Bazard is a citizen of India. He arrived in the United States around March 2024, entering without inspection near the Arizona border. Dkt. No. 7-1 at 2–4. Customs and Border Protection (CBP) issued him a Notice to Appear ("NTA"), charging him as a "[noncitizen] present in the United States who has not been

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 1

admitted or paroled." Dkt. No. 7-2 at 2. The NTA did not designate Bazard as an "arriving alien." *Id.* It stated Bazard would be subject to removal "pursuant to . . . 212(a)(6)(A)(i) of the Immigration and Nationality Act[.]" *Id.* On March 27, 2024, Customs and Border Protection (CBP) released Bazard on an Order of Release on Recognizance ("OREC") "due to humanitarian reasons and a lack of detention space[.]" Dkt. Nos. 7-1 at 4; 7-3 at 2.

On November 18, 2025, Bazard was apprehended in Washington near the United States-Canada border and detained at the Northwest ICE Processing Center, where he remains. Dkt. Nos. 1 at 1; 8 ¶ 9.

On February 6, 2026, Bazard attended a hearing before an Immigration Judge. Dkt. No. 7-5 at 2. The Immigration Judge found Bazard removable and ordered him removed to India. *Id.* at 4. Bazard appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. Dkt. No. 1 at 2.

### 3.  DISCUSSION

**3.1   Bazard is not subject to mandatory detention under 8 U.S.C. § 1225(b) and is entitled to a bond hearing under 8 U.S.C. § 1226(a).**

The central question is which detention statute governs Bazard's custody. Respondent argues that Bazard is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and its implementing regulations, 8 C.F.R. § 235 *et seq.*, which applies to "applicants for admission" to the United States. Dkt. No. 6 at 6. Bazard contends—and the Court agrees—that he is detained under 8 U.S.C. 1226(a), the

default detention provision for noncitizens already present in the United States. Dkt. No. 1 at 7. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018).

Section 1225 governs the inspection and processing of noncitizens at the border. *Jennings*, 583 U.S. at 287. It subjects those who are "seeking admission," but "not clearly and beyond a doubt entitled to be admitted," to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Section 1226(a), by contrast, is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention. *Jennings*, 583 U.S. at 303. It permits the government to release a detained person on bond during the pendency of removal proceedings. *Id.*

The statutory text of Section 1225(b)(2)(A) requires that a noncitizen be "seeking admission"—a present-tense activity describing the act of presenting oneself at the border and asking to be allowed into the country. The phrases "an alien who is an applicant for admission" and "an alien seeking admission" are not synonymous; the first describes a status that may persist over time, while the second describes a current activity. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1327–28 (W.D. Wash. 2025); *Torres v. Wamsley*, 807 F. Supp. 3d 1266, 1270–71 (W.D. Wash. 2025). A noncitizen who has been residing in the United States and is arrested in the interior of the country is not "seeking admission" within the meaning of Section 1225(b)(2)(A).

Applying these principles, Bazard is not subject to mandatory detention under § 1225(b). He was arrested while living in the United States—not a port of entry or the border (even though Respondent alleges Bazard was "near" the

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 3

Canadian border at the time). Dkt. No. 1 at 7. Bazard presented his valid U.S. driver's license and work authorization permit. *Id.* He was residing in the United States, not seeking admission. Respondent's records confirm as much. The Notice to Appear charged Bazard as a noncitizen "present in the United States who has not been admitted or paroled" and expressly *declined* to classify him as an "arriving alien." Dkt. No. 7-2 at 2. *See Cotoc Yac De Yac v. Hermosillo*, 2:25-cv-02593-DGE-TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (relying on identical NTA language as evidence noncitizen was not "seeking admission"); *Garcia Gabriel v. Hermosillo*, 2:25-CV-02594-DGE-GJL, 2026 WL 194233, at * 3 (W.D. Wash. Jan. 26, 2026) (finding same).

Bazard's November 2025 encounter near the Canadian border does not change this analysis. Border Patrol's own records describe the encounter as a "custody redetermination," not a new entry or apprehension at the border. Dkt. No. 7-4 at 4. Agents did not observe Bazard crossing or attempting to cross the border. *See id.* The alleged suspicious circumstances and criminal history are relevant to whether Bazard should be released on bond—a question for the Immigration Judge at the bond hearing—but they do not alter which detention statute governs his custody.

Respondents' reliance on *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) is unpersuasive. *Buenrostro-Mendez* is not binding, and as the dissent acknowledges, "The overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position [on 8 U.S.C. § 1225(b)(2)(A)] is totally unsupported." 2026 WL 323330, at *10.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 4

The Court concludes that Bazard is not subject to mandatory detention under Section 1225(b) and is instead detained under Section 1226(a), which entitles him to a bond hearing.

### 3.2    Scope of relief.

Bazard's petition requests release under INA § 236(a) or 8 U.S.C. § 1226(a), as well as the return of his vehicle, which he claims was seized by CBP. Dkt. No. 1 at 9. Respondent argues that if the Court concludes that Bazard is detained under 8 U.S.C. § 1226(a), "then a bond hearing should be ordered—not release." Dkt. No. 6 at 8. The Court agrees.

Consistent with the approach taken by courts in this District, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See, e.g.*, *Mitka v. ICE Field Off. Dir.*, No. C19-193-MJP-BAT, 2019 WL 5901970, at *4 (W.D. Wash. Sept. 6, 2019) ("[p]etitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days); *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within thirty days).

At the bond hearing, Respondent bears the burden of establishing, by clear and convincing evidence, that Bazard presents a flight risk or a danger to the community at the time of the bond hearing. *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). If Respondent fails to provide Bazard a constitutionally adequate hearing within fourteen days of this order, he must be immediately released.

*Jimenez v. Wolf,* No. 19-CV-07996-NC, 2020 WL 1082648, at \*4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

Bazard also requests return of a vehicle seized during his apprehension. Dkt. No. 1 at 9. This request is outside the scope of habeas relief and is denied without prejudice.

**3.3    The motion to appoint counsel is denied.**

On March 20, 2026, Bazard moved to appoint counsel. Dkt. No. 4. Because the Court finds the issues straightforward and grants in part Bazard's habeas petition, it finds counsel unnecessary. Therefore, Bazard's motion is DENIED as moot.

## 4.  CONCLUSION

Accordingly, the Court orders as follows.

1. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 1.

2. Within FOURTEEN (14) days of this order, Respondent must either provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) or release him under an appropriate order of supervision.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 6

3.  If the individualized bond hearing is not conducted within FOURTEEN (14) days of this order, Respondent MUST immediately release Petitioner under appropriate conditions of supervised release.

4.  Respondent is ENJOINED from denying a bond hearing on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Petitioner is not subject to that provision.

5.  Petitioner's motion for appointed counsel is DENIED as moot, Dkt. No. 4.

Dated this 6th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 7