UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PARDEEP BAZARD,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

CASE NO. 2:26-cv-00753-JNW

ORDER DENYING MOTION FOR TRO AND MOTION TO TRANSFER

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Pardeep Bazard's Motion for Temporary Restraining Order and Motion to Transfer, Dkt. No. 12. Having reviewed the motion, the Federal Respondent's response, Dkt. No. 14, and all other supporting materials, the Court DENIES the motion for the reasons stated below.

## 2.  BACKGROUND

Bazard, a citizen of India, is currently detained at the Northwest ICE Processing Center. Dkt. Nos. 1 at 1; 8 ¶ 9. On February 6, 2026, Bazard attended a hearing before an Immigration Judge. Dkt. No. 7-5 at 2. The Immigration Judge found Bazard removable and ordered him removed to India. *Id.* at 4. Bazard

ORDER DENYING MOTION FOR TRO AND MOTION TO TRANSFER - 1

appealed the removal order to the Board of Immigration Appeals ("BIA"), and the appeal remains pending. Dkt. No. 1 at 2.

On March 4, 2026, Bazard petitioned this Court for a writ of habeas corpus seeking, among other things, a bond hearing. Dkt. No. 1. The Court granted the petition in part after finding that Bazard was an 8 U.S.C. § 1225(a) detainee entitled to an individualized bond hearing. Dkt. No. 11 at 6.

Bazard now moves for a temporary restraining order ("TRO") seeking his outright release or transfer to state custody so that he may defend himself from criminal charges brought against him in Thurston County Superior Court. Dkt. No. 12.

### 3.  DISCUSSION

TROs are "extraordinary remed[ies] that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "[A] plaintiff seeking a preliminary injunction must make a clear showing that '[they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570, 1576 (2024) (quoting *Winter*, 555 U.S. at 20). Where, as here, a party proceeds pro se, district courts must construe their filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even so, pro se litigants remain subject to the stringent procedural and substantive rules that govern TROs. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

ORDER DENYING MOTION FOR TRO AND MOTION TO TRANSFER - 2

Bazard's motion fails to clearly satisfy the first Winter factor—he has not made the required clear showing that he is likely to succeed on the merits. Bazard seeks an order releasing him from detention or transferring him to state custody so that he may face charges in state court. A district court may issue a writ of habeas corpus to federal detainee "[i]f it is necessary to bring him into court to testify [*ad testificandum*] or for trial [*ad prosequendum*]." 28 U.S.C. § 2241(c)(5); *see also United States v. Hooker*, 607 F.2d 286, 288–89 (9th Cir. 1979) (the writ "allows the transfer of federal prisoners to face state charges."). Federal courts may issue writs of habeas corpus for an individual in federal custody at the request of state prosecutorial authorities or the state court system. *See Soriano Neto v. Choate*, No. 1:25-CV-00425-MSM-AEM, 2025 WL 2969178, at *1 (D.R.I. Oct. 21, 2025) (citing *Barber v. Page*, 390 U.S. 719, 724 (1968)). But the record contains no such request. Absent one from the Thurston County prosecutor's office or the Thurston County Superior Court, Bazard is unlikely to succeed on the merits of his emergency habeas claim. The Court notes that the preferred procedure would be for Bazard's state defense counsel to obtain a formal request from either of those entities and then file a new habeas petition under Section 2241(c)(5). *See Soriano Neto*, 2025 WL 2969178, at *1 (granting petition for habeas corpus when accompanied by a "writ of habeas corpus ad prosequendum/testificandum issued by the Rhode Island Superior Court," and entered into the record).

Because the first factor is not met, the Court need not address the three remaining factors. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015).

ORDER DENYING MOTION FOR TRO AND MOTION TO TRANSFER - 3

## 4. CONCLUSION

For the reasons above, Petitioner's Motion for TRO and Motion to Transfer is DENIED.


Dated this 1st day of May, 2026.

Jamal N. Whitehead
United States District Judge